SULLIVAN, Justice,
concurring in result as to Part I and concurring as to Part II.
Sometimes having a new approach to the admissibility of evidence improves the administration of justice but I respectfully suggest that the status quo is superior to that adopted by the Court here.
As the Court acknowledges, the Protected Person Statute permits prior videotaped testimony to be admitted at trial (so long as it has been vetted in the statutorily required pre-trial hearing) even if the protected person testifies at the trial. I.C. § 35-87-4-6(e)(2)(A). While the Court's *470 new per se rule prohibits the State from ever using the Statute in this way, I believe that there are situations where the jury benefits from the additional evidence available in a properly admitted videotaped statement or interview even if the protected person also testifies at trial (or vice versa). I agree with the Court that the Protected Person Statute should not provide an opportunity for a party to do a general "end run" around the rules of evidence by exposing the jury to evidence that would otherwise be considered prejudicial or needlessly cumulative to a point where the presentation of it substantially outweighs its probative value. But I believe that the proper way to deal with this problem is not by promulgating a new per se rule but by employing the status quo's test for admissibility provided by Ind. Evidence Rule 403.[1]
In point of fact, Tyler does not ask for the new rule adopted by the Court here. Instead, he argues that while the videotaped statements were admissible under the Protected Person Statute, they were inadmissible because of Evid. R. 408. I agree with the Court that the effect of the redundant testimony was essentially to demonstrate to the jury that none of the children's stories had changed between the time of the interviews and the time of trial. As such, I believe that the probative value of the evidence was at least equal in weight to its adverse effect on Tyler and in no event was the probative value substantially outweighed.
I concur in the Court's resolution of Tyler's sentencing claim.

. Evidence R. 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence."